J-S22035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :   PENNSYLVANIA
                                            :
                  v.                      :
                                            :
                                            :
DANNY VAZQUEZ                      :
                                            :
                Appellant       :   No. 653 MDA 2019

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001409-2013


BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED JUNE 12, 2020**

Appellant, Danny Vazquez, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Appellant's appointed PCRA counsel, Michael C. Padasak, Esquire, has filed an application to withdraw pursuant to **Turner**/**Finley**.[2]  We affirm and grant Attorney Padasak's application to withdraw.

On June 20, 2013, Appellant was arrested and charged with possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, tampering with or fabricating

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

physical evidence, and possession of a firearm by a prohibited person.[3] After the charges were held over for trial, Appellant's counsel, Gail G. Souders, Esquire, filed the first of several motions for continuance on December 9, 2013. The continuance was granted, and Appellant was granted four additional continuances on August 1, 2014, September 8, 2014, November 10, 2014, and May 19, 2015.

On June 23, 2015, after unsuccessfully seeking an additional continuance, Appellant certified that his case was ready for trial. On July 6, 2015, the date his jury trial was set to begin, Appellant entered an open guilty plea with the assistance of a Spanish-language interpreter. At the hearing, the Commonwealth agreed to *nolle pros* the firearms offense and recommended a sentence of 3 to 15 years of imprisonment.

Appellant failed to appear at the August 26, 2015 sentencing hearing, and a bench warrant was issued. Appellant was apprehended in August 2016, and, on October 6, 2016, the trial court sentenced Appellant to an aggregate term of 5 to 16 years of imprisonment. Appellant filed a *pro se* motion for reconsideration, which the trial court denied on December 6, 2016. Appellant did not appeal from the judgment of sentence.

On August 2, 2017, Appellant filed a *pro se* PCRA petition and later filed an amendment to his petition on June 25, 2018. The PCRA court appointed the Lebanon County Office of the Public Defender to represent Appellant. The

_____

[3] 35 P.S. § 780-113(a)(16), (30), (32); 18 Pa.C.S. §§ 4910(1), 6105(a)(1).

Office of Public Defender filed a petition to withdraw from representation pursuant to **Turner**/**Finley**, which the PCRA court granted on September 25, 2018. After the Office of Public Defender's withdrawal, Appellant filed subsequent amendments to his PCRA petition on November 19, 2018 and December 7, 2018.[4]

Having determined that Appellant had raised cognizable PCRA issues of ineffective assistance of counsel related to his guilty plea, the PCRA court held a hearing on March 21, 2019. At the hearing, Appellant and Attorney Souders testified, and Appellant was represented by privately retained counsel, Richard Coble, Esquire. On March 22, 2019, the PCRA court entered an order denying the PCRA petition and finding that Attorney Souders did not provide ineffective assistance of counsel.

Although he was still represented by Attorney Coble, Appellant filed a timely *pro se* notice of appeal of the March 21, 2019 order.[5] On July 31, 2019,

_____

[4] While Appellant did not seek leave of the court prior to filing the amendments to his PCRA petition, the PCRA court effectively allowed the amendments when it addressed the issues raised in the amendments at the March 21, 2019 hearing and in its opinion. **Commonwealth v. Boyd**, 835 A.2d 812, 817 (Pa. Super. 2003) (PCRA court effectively allows amendment to PCRA petition by addressing issues in an unauthorized PCRA petition).

[5] On April 25, 2019, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant submitted his concise statement with his docketing statement filed in this Court on May 9, 2019; although the concise statement was not subsequently entered on the PCRA court's docket, the PCRA court addressed the issues raised in Appellant's concise statement in its Pa.R.A.P. 1925(a) opinion filed on June 4, 2019.

this Court entered a *per curiam* order remanding this matter to the PCRA court to determine whether Attorney Coble had abandoned Appellant's appeal based upon his failure to file a docketing statement. After holding a hearing, the PCRA court notified this Court that Appellant had discharged Attorney Coble after the PCRA court's March 22, 2019 ruling. This Court then remanded again for the PCRA court to determine Appellant's eligibility for court-appointed counsel; the PCRA court determined that Appellant was entitled to counsel and appointed Attorney Padasak to represent him.[6]

In this Court, Attorney Padasak filed an application to withdraw as counsel and a **Turner**/**Finley** brief. On March 24, 2020, Appellant filed a *pro se* response to Attorney Padasak's **Turner**/**Finley** brief.

Before we review the merits of this appeal, we must first determine whether Attorney Padasak has satisfied the procedural requirements to withdraw from representation of Appellant:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner** . . . and **Finley** . . . [and] must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed,

---

[6] The PCRA court initially reappointed the Lebanon County Office of the Public Defender to represent Appellant. The Office of the Public Defender filed an application in this Court to be removed as counsel for Appellant based upon its prior representation of him and determination that his appeal lacked merit. This Court granted the application and directed that the PCRA court appoint substitute counsel for Appellant's PCRA appeal. By a November 4, 2019 order, the PCRA court appointed Attorney Padasak to represent Appellant.

explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

After reviewing the record and the application to withdraw, we find that Attorney Padasak complied with the requirements of *Turner*/*Finley*. In his "no-merit" letter, Attorney Padasak detailed the nature and extent of his review, listed the issues which Appellant raised in his PCRA petition and amendments, and thoroughly explained why he believed Appellant's claims were non-meritorious. Moreover, Attorney Padasak indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Counsel also submitted proof to this Court that he sent Appellant the application to withdraw, his no-merit letter, and that he instructed Appellant that he had the right to retain counsel or proceed *pro se.*

As counsel complied with the *Turner*/*Finley* requirements to withdraw his representation of Appellant, we must now determine whether the PCRA

court correctly denied Appellant's PCRA petition. We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018).

> When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a de novo standard of review to the PCRA court's legal conclusions. We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level.

**Id.** (internal citation omitted).

"[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post conviction proceeding are the validity of the plea of guilty and the legality of the sentence." **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998). In this case, Appellant has not challenged the legality of his sentence in his PCRA petition, and therefore the sole issue before this Court is the validity of his guilty plea.

To be valid, a guilty plea must be entered into knowingly, voluntarily and intelligently. **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016). "Pennsylvania law presumes a defendant who entered guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) (citation omitted). A defendant is bound by his statements at a plea hearing and may not later recant those statements or assert grounds for

withdrawing the plea that contradict statements made during the hearing. *Id.* at 506.

During the plea colloquy, the trial court must address six topics with the defendant to ascertain that he is aware of the consequences of the plea: (1) the factual basis of the plea, (2) the nature of the charges to which he is pleading guilty, (3) the right to a jury trial, (4) the presumption of innocence, (5) the sentencing ranges for the charges, and (6) the court's power to depart from any recommended sentence. Pa.R.Crim.P. 590, Comment; *Kpou*, 153 A.3d at 1023. A written plea colloquy that is signed by the defendant and made part of the record may substitute for oral colloquy so long as it is supplemented by some on-the-record colloquy. *Commonwealth v. Morrison*, 878 A.2d 102, 108-09 (Pa. Super. 2005) (*en banc*).

In his PCRA petition and amendments to the petition, Appellant asserted several ineffective assistance of counsel claims with respect to Attorney Souders's role in the guilty plea process. Specifically, Appellant contends that Attorney Souders could not effectively communicate with him regarding the plea because he only spoke English, misstated the terms of the Commonwealth's suggested sentence as a binding deal, and represented to the trial court that Appellant understood the terms of plea agreement when she knew he did not. Amendment to PCRA Petition, 11/19/18, at unnumbered pages 6-7. In addition, Appellant asserts that Attorney Souders was ineffective for failing to file a motion to withdraw the guilty plea on the grounds that the trial court imposed a longer sentence than the Commonwealth

recommended, he was not aware that he could receive consecutive sentences, and he did not complete the last page of his written guilty plea form. PCRA Petition, 8/12/17, at 3; Amendment to PCRA Petition, 12/7/18, at unnumbered pages 4-5. Appellant contends that he specifically requested that Attorney Souders file a motion to withdraw a guilty plea and notice of appeal challenging the plea, but that she ignored these requests. Amendment to PCRA Petition, 12/7/18, at unnumbered pages 4-5.

"The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). Ineffective assistance of counsel claims related to the guilty plea process are cognizable under the PCRA. *Id.* at 191 (citing 42 Pa.C.S. § 9543(a)(2)(ii)).

In assessing a claim of ineffective assistance under the PCRA, we begin our analysis with the presumption that counsel has rendered effective assistance. *Commonwealth v. VanDivner*, 178 A.3d 108, 114 (Pa. 2018). To overcome that presumption, the convicted defendant must establish each of the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id.*

With respect to claims of ineffective counsel in connection with a guilty plea, we have explained that

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Barndt*, 74 A.3d at 192 (citations and quotation marks omitted).

Appellant also challenged the validity of his guilty plea under Section 9543(a)(2)(iii) of the PCRA, which recognizes claims for relief where the petitioner shows that the plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). To bring a claim under this section, a petitioner must plead and prove that he was innocent of the charges as to which he pleaded and that he was unlawfully induced to enter the plea. *Id.*; *Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa. Super. 2003).

Appellant alleges in his PCRA petition, as amended, that he was innocent of the charges because he did not live at the residence where the controlled substances were found and he had no possessory interest in the locations

where the controlled substances, firearm, and currency were recovered by law enforcement. Amendment to PCRA Petition, 6/25/18, at 2-4; Amendment to PCRA Petition, 11/19/18, at unnumbered pages 3-6; Amendment to PCRA Petition, 12/7/18, at unnumbered pages 3-4. Appellant asserts that Attorney Souders was aware of evidence that would have proved his innocence yet she induced him to plead guilty by threatening him with a sentence of 104 years if he did not accept the plea, forcing him to affirm on the guilty plea form that he was satisfied with counsel's performance, and falsely promising him that he would only receive a 3-year sentence. Amendment to PCRA Petition, 6/25/18, at 4-5; Amendment to PCRA Petition, 11/19/18, at unnumbered page 6; Amendment to PCRA Petition, 12/7/18, at unnumbered pages 6-8.

At the plea hearing, Appellant was provided a Spanish-language interpreter and affirmed that he was able to read and speak Spanish and understand the trial court with the assistance of the interpreter. N.T., 7/6/15, at 1. Appellant completed in full and signed a six-page Spanish guilty plea colloquy form. Guilty Plea Form, 7/6/15. Appellant represented to the trial court that he reviewed the form with his attorney and provided honest answers to each of the questions on the form. N.T., 7/6/15, at 6. Appellant testified that he had read the criminal complaint and understood the maximum penalty for the offenses for which he was charged. N.T., 7/6/15, at 3-4, 6-7; Guilty Plea Form, 7/6/15, at 2. Appellant waived his right to have the trial court read out the elements of the charges, explaining that his "attorney

explained everything to me." N.T., 7/6/15, at 3. Appellant further affirmed that he was satisfied with Attorney Souders' performance. *Id.* at 7.

The trial court clearly explained to Appellant that he was entering into an open guilty plea and that it was not required to follow the Commonwealth's suggested sentence of 3 to 15 years of incarceration. *Id.* at 4-6; *see also* Guilty Plea Form, 7/6/15, at 6. The trial court further explained that it could impose sentences on the individual counts as to which he was pleading guilty to run consecutively. N.T., 7/6/15, at 4-5. Appellant affirmed that he understood that the nature of the plea and the potential sentences that he could face. *Id.* at 4-6.

At the PCRA hearing, Appellant testified that Attorney Souders "promised" him a 3-year sentence if he pleaded guilty, "threatened" him with a 104-year sentence, and also threatened the mother of his children with prosecution on drug charges if he went to trial. N.T., 3/21/19, at 5-7, 11, 13, 18. Appellant stated that he did not read Spanish well and no interpreter was available when he filled out the written plea colloquy form so he therefore did not understand the questions that he answered on that form. *Id.* at 10, 14. Appellant further testified that Attorney Souders compelled him to change the answers to questions 18 and 19 on this form, relating to whether he was promised anything aside from the plea agreement and whether he was happy with Attorney Souders' representation of him. *Id.* at 10-12; Guilty Plea Form, 7/6/15, at 4. Appellant asserted that Attorney Souders compelled him to answer in the affirmative to all of the trial court's questions during the plea

hearing, when in fact he was expressing his unease with the terms of the plea to his attorney and the interpreter. N.T., 3/21/19, at 12-17.

Attorney Souders testified that she had practiced for over 20 years as a criminal defense attorney and had previously represented Appellant in another matter. *Id.* at 19-21. She stated that, although Appellant did not speak perfect English, they were able to communicate orally in English; she nevertheless requested an interpreter for court dates, including the plea hearing at issue. *Id.* at 20-21, 33. Attorney Souders testified that she had sought several prior continuances at Appellant's request; she again sought a continuance at the June 23, 2015 call of the list; the trial court denied the request and the case was thus certified as trial ready. *Id.* at 21-23, 32.

Attorney Souders testified that, on July 6, 2015, the date of jury selection, she discussed with Appellant, through an interpreter, the advantages and disadvantages of proceeding to trial; she explained to Appellant that he could still accept the 3-to-15-years offer from the Commonwealth but that, at this late stage, it could only be through an open plea and a non-binding sentence recommendation to the trial court. *Id.* at 23-26, 30-31, 33. Attorney Souders stated that she, Appellant, and the interpreter reviewed the written colloquy form in detail, and that the form references a 102-year maximum sentence because that was the total statutory maximum for all of the eight charges to which he pleaded. *Id.* at 26-27. Attorney Souders testified that the oral colloquy was performed entirely by the trial court and she did not interfere in any way or coach

Appellant's answers. *Id.* at 28-29. Attorney Souders stated that she believed that Appellant fully understood his plea and that she never promised him that the court would impose a 3-to-15-year sentence. *Id.* at 40, 42.

In the PCRA court's order denying the petition, the court recounted at length the testimony offered at the guilty plea and PCRA hearing and found Attorney Souders' testimony credible and Appellant's testimony not credible. Order, 3/22/19, ¶¶L, N. The court concluded that Appellant's account of the guilty plea hearing was entirely contradicted by the transcript. *Id.*, ¶L. The court found that Attorney Souders did not promise Appellant that he would receive a 3-year sentence and that Appellant understood that he was entering into an open plea with discretion on his sentence left to the sentencing judge. *Id.*, ¶¶O-Q.

Upon review, we agree with Attorney Padasak that there is no merit to Appellant's claim that Attorney Souders provided ineffective assistance of counsel with respect to his guilty plea. At the plea hearing, Appellant was provided with an interpreter and affirmed that he was able to understand the trial court with the assistance of the trial court. Appellant's oral colloquy and the written colloquy form addressed each of the six topics required to ensure that he understood the facts and consequences of his guilty plea. N.T., 7/6/15, at 3-7; Guilty Plea Form, 7/6/15, at 2-6; *see also* Pa.R.Crim.P. 590, Comment; *Kpou*, 153 A.3d at 1023.

The trial court clearly explained the nature of his open plea, that the court would not be bound at sentencing by the Commonwealth's

recommendation, and that the sentences on individual counts could be imposed consecutively. N.T., 7/6/15, at 3-6. While Appellant claims that he did not comprehend the nature of his plea, his assertions are belied by his affirmative responses during the plea colloquy. *Id.* Appellant is bound by his statements at the plea hearing and may not now recant them in an effort to withdraw his plea. *Jabbie*, 200 A.3d at 505. Furthermore, the record supports the PCRA court's finding that Appellant's testimony regarding his understanding of the plea was not credible; the court's credibility determination is thus binding on appeal. *Brown*, 196 A.3d at 150.

The PCRA court's conclusion that Appellant fully understood the nature of the plea is also supported by the plea colloquy form. Appellant completed the form, which has text in both Spanish and English, with the assistance of his counsel and an interpreter. N.T., 3/21/19, at 26-28; Guilty Plea Form, 7/6/15. Despite his argument to the contrary, Appellant entered a response for every question on the form, initialed the bottom of each page, and signed the last page of the form.[7] In addition, while Appellant initially responded "yes" to the question whether he had been promised anything aside from the Commonwealth's recommended sentence in exchange for his plea and "no" to the question of whether he was satisfied with the representation of his

_____

[7] The guilty plea colloquy form contains two versions of the last (page six), one for negotiated pleas and the other for open pleas. Appellant completed and signed the open plea version of page six and left the negotiated plea version blank.

attorney, Appellant crossed out these answers, entered the opposite response, and initialed the changes. Guilty Plea Form, 7/6/15, at 4. In addition, Appellant stated at the hearing that he was satisfied with Attorney Souders' representation of him. N.T., 7/6/15, at 7.

Furthermore, Appellant failed to prove his claim that Attorney Souders did not file a motion to withdraw the guilty plea or file an appeal challenging the validity of the plea despite his requests to do so. The only evidence offered in support of this assertion was Appellant's vague testimony that he "tried to contact" Attorney Souders after sentencing to express his concerns about the plea process, "but she wouldn't get back to [him]." N.T., 3/21/19, at 13. Appellant's contention that Attorney Souders abandoned him after his sentencing is contradicted by the letter Attorney Souders sent to Appellant six days after his sentencing advising him of his appeal rights and the permissible grounds for an appeal after a guilty plea. Amendment to PCRA Petition, 12/7/18, Exhibit C.

We likewise find no merit to Appellant's claim that Attorney Souders "unlawfully induced" him to plead guilty in spite of his innocence. 42 Pa.C.S. § 9543(a)(2)(iii). Appellant did not offer any evidence at the PCRA hearing to prove his innocence beside his conclusory assertion that he was "not guilty" of the charges. N.T., 3/21/19, at 7. In addition, Attorney Souders' testimony, which the PCRA court found credible, demonstrates that she explained to Appellant, through an interpreter, the consequences of pleading guilty prior to his entry of the plea. Appellant's representations in the written plea

- 15 -

colloquy form and to the trial court during the oral colloquy make clear that the decision to accept the guilty plea was fully informed and of his own volition.[8]

Appellant raises several other ineffective assistance of counsel claims in his PCRA petition related to Attorney Souders' performance at the preliminary hearing and suppression hearing. As a result of Appellant's entry of the guilty plea, however, these ineffective assistance claims are not cognizable on collateral review. *Rounsley*, 717 A.2d at 538 (PCRA petition filed from a guilty plea may only challenge the validity of the plea and legality of the sentence). Additionally, in his response to the *Turner*/*Finley* brief, Appellant raises several ineffective assistance claims related to Attorney Coble, the attorney he retained for the PCRA hearing. These claims, however, were not presented to the PCRA court, and are therefore not before this Court on appeal. *Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. 2012) ("[A]bsent recognition of a constitutional right to effective collateral review

---

[8] Subsequent to the filing on this appeal, Appellant provided Attorney Padasak with six affidavits from his friends and family members asserting that Attorney Souders threatened and intimidated Appellant and potential witnesses, precluding him from going to trial and mounting an effective defense based upon his alleged innocence. *Turner*/*Finley* brief, Exhibit 2. Appellant, however, did not include these affidavits with his PCRA petition or amendments and he did not present the testimony of any of the affiants at the PCRA hearing. As these affidavits are not contained within the certified record, we may not consider them on appeal. *Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017) (citing the "the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review'" (citation omitted)).

- 16 -

counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.").

For the reasons stated above, we conclude that Appellant's challenges to the validity of his guilty plea are meritless. We therefore affirm the PCRA court's March 22, 2019 order and grant Attorney Padasak's application to withdraw.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/12/2020